IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:07-CV-16-D

| | | |
|---|---|---|
| TRACEY S. TRIVETTE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| WILLIAM H. RISHER, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Tracey S. Trivette, a resident of North Carolina, filed this action against defendant William H. Risher, a medical doctor and resident of Pennsylvania, alleging that defendant engaged in criminal conversations with plaintiff's wife, Cheryl Trivette. At all times relevant to this action, plaintiff and Cheryl Trivette were married and resided together in North Carolina. Plaintiff alleges that defendant's conduct resulted in the alienation of Cheryl Trivette's affections and that defendant intentionally caused him emotional distress. On November 2, 2007, Risher moved for summary judgment as to whether he had sufficient minimum contacts with the State of North Carolina to support this court's exercise of personal jurisdiction over him. In support, Risher alleged that he had no physical contact with plaintiff's wife in North Carolina and that any limited phone calls placed to plaintiff's wife in North Carolina were in response to her phone calls and related to defendant's medical treatment of her father. On January 18, 2008, Trivette responded in opposition. As explained below, the court denies defendant's motion for summary judgment and concludes that exercising personal jurisdiction over the defendant is proper.

I.

Defendant contends that he is entitled to dismissal because this court lacks personal jurisdiction over him based on his limited contacts with the State of North Carolina. See Def.'s

Mot. for Summ. J. 1; Fed. R. Civ. P. 12(b)(2). The court does not have personal jurisdiction over a nonresident defendant unless jurisdiction is consistent with the forum state's long-arm statute and with due process. See, e.g., Mitrano v. Hawes, 377 F.3d 402, 406 (4th Cir. 2004). "When a court's personal jurisdiction is properly challenged by motion under Federal Rule of Civil Procedure 12(b)(2), the jurisdictional question thereby raised is one for the judge, with the burden on the plaintiff ultimately to prove grounds for jurisdiction by a preponderance of the evidence." Mylan Labs., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir. 1993).[1]

North Carolina's long-arm statute authorizes the exercise of personal jurisdiction over a nonresident defendant "in any action claiming injury to person or property within [North Carolina] arising out of an act . . . outside [North Carolina] by the defendant, provided in addition that at or about the time of the injury . . . [s]olicitation or services activities were carried on within [North Carolina] by or on behalf of the defendant . . . ." N.C. Gen. Stat. § 1-75.4(4). Actions for alienation of affections, criminal conversation, and intentional infliction of emotional distress constitute "injury

---

[1] Although the court did not conduct an evidentiary hearing in this case, the court did permit the parties to conduct discovery concerning personal jurisdiction. The parties submitted evidence obtained in discovery, and the court has considered the evidence in connection with defendant's motion. To the extent that the Fourth Circuit in Mylan intended to create a lower burden of proof (i.e., "prima facie showing") than preponderance of evidence when a court does not hold an evidentiary hearing, the distinction is not material in this case. Compare Mylan Labs., 2 F.3d at 60 (when a court decides a Rule 12(b)(2) motion without conducting an evidentiary hearing, plaintiff need only make a "prima facie showing" of jurisdiction) with Combs v. Bakker, 886 F.2d 673, 676 (4th Cir. 1989) (requiring only "prima facie showing" of jurisdiction where court's review on a Rule 12(b)(2) motion was limited to motion papers, supporting legal memoranda, and allegations in a complaint). The court has applied the preponderance of the evidence standard. See Brown v. Geha-Werke GmbH, 69 F. Supp. 2d 770, 774 (D.S.C. 1999) (requiring plaintiff to prove grounds for jurisdiction by a preponderance of the evidence on a Rule 12(b)(2) motion where parties engaged in jurisdictional discovery and offered evidence beyond the pleadings and affidavits); accord Harrell v. Duke Univ. Health Sys., Inc., No. 7:07-813-HMH, 2008 WL 80122, at *1 (D.S.C. Jan. 7, 2008); SubAir Sys., LLC v. PrecisionAire Sys., Inc., No. 1:06-02620-RBH, 2007 WL 2822910, at *3 (D.S.C. Sept. 27, 2007).

2

to person or property" under N.C. Gen. Stat. § 1-75.4(4). See Cooper v. Shealy, 140 N.C. App. 729, 733–34, 537 S.E.2d 854, 857 (2000). Additionally, telephone and email contacts to a person within North Carolina may be "solicitations" within the meaning of N.C. Gen. Stat. § 1-75.4(4). See Fox v. Gibson, 176 N.C. App. 554, 559, 626 S.E.2d 841, 844 (2006); Cooper, 140 N.C. App. at 734, 537 S.E.2d at 857. North Carolina's long-arm statute is construed to reach the limits of constitutional due process. See, e.g., Christian Sci. Bd. of Dirs. of First Church of Christ, Scientist v. Nolan, 259 F.3d 209, 215 (4th Cir. 2001). Thus, the statutory inquiry merges into the constitutional inquiry, i.e., whether haling Risher before this court violates due process. See id.

Due process requires a defendant to have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984) (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The extent of the contacts needed for personal jurisdiction turns on whether the claims asserted against a defendant relate to or arise out of the defendant's contacts with the forum state. See ALS Scan, Inc. v. Digital Serv. Consultants, Inc., 293 F.3d 707, 712 (4th Cir. 2002). If the defendant's contacts with the state are the basis for the suit, specific jurisdiction may exist. Id. In determining specific jurisdiction, the court considers "(1) the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State; (2) whether the plaintiff['s] claims arise out of those activities directed at the State; and (3) whether the exercise of personal jurisdiction would be constitutionally reasonable." Id. (quotations omitted). Thus, the "constitutional touchstone" of specific personal jurisdiction "remains whether the defendant purposefully established minimum contacts in the forum state." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (quotation omitted).

3

Plaintiff offers the following evidence in response to defendant's motion to show that personal jurisdiction over defendant comports with N.C. Gen. Stat. § 1-75.4(4) and due process. On November 8, 2005, Risher (a surgeon) called plaintiff's wife, Cheryl Trivette, in North Carolina to discuss her father's medical condition and recent heart surgery which Risher performed in Pennsylvania. See Pl.'s Mem. in Opp'n to Mot. for Summ. J. Attach. 2, ¶ 4 [hereinafter "Aff. of Cheryl Trivette"]. After this initial conversation, Risher and Cheryl Trivette often talked on the phone. Id. Cheryl Trivette initiated most calls to Risher in Pennsylvania, but Risher did call Cheryl Trivette in North Carolina. Id. ¶¶ 5–6 & Ex. A (summary of phone records between Cheryl Trivette and Risher). Between November 8, 2005, and December 23, 2005, Risher and Cheryl Trivette spoke on the phone at least 29 times, for a total of over 4 hours. Id. at Ex. A. Risher initiated at least 11 of those phone calls to Cheryl Trivette in North Carolina. Id. Cheryl Trivette identified 16 additional calls in the telephone billing records that reflected calls that Risher made to her in North Carolina. See Aff. of Cheryl Trivette Ex. B (telephone billing records). These calls total over 3½ hours. Id. On one occasion, Risher called Cheryl Trivette in North Carolina and told her that he loved her. Aff. of Cheryl Trivette ¶ 8. Eventually the phone calls between Risher and Cheryl Trivette turned sexual in nature, and their relationship culminated in sexual intercourse in Pennsylvania on two separate occasions between November 24, 2005, and January 5, 2006. Id. ¶¶ 7, 9–10, 17–18.

The court finds that defendant purposefully established "minimum contacts" in North Carolina. Defendant placed numerous phone calls lasting over four hours to Cheryl Trivette in North Carolina. The increasingly sexual nature of the phone calls establishes a direct link between defendant's contacts and plaintiff's claims. See, e.g., Compl., Claim 1, ¶ 8. Moreover, exercising personal jurisdiction is constitutionally reasonable. Witnesses and evidence relevant to the

4

Trivettes' marriage and cause of separation would more than likely be located in North Carolina. Additionally, plaintiff cannot bring his claims in Pennsylvania because Pennsylvania has abolished the causes of action for alienation of affections and criminal conversation. North Carolina has a strong interest in protecting its citizens from local injury caused by the tortious conduct of nonresidents. See Fox, 176 N.C. App. at 560–61, 626 S.E.2d at 845; Cooper, 140 N.C. App. at 735, 537 S.E.2d at 858. In sum, this court's exercise of personal jurisdiction over defendant is authorized by the North Carolina long-arm statute and comports with due process.

II.

For the reasons stated above, defendant's motion for summary judgment is DENIED, and the court concludes that personal jurisdiction over defendant exists.

SO ORDERED. This 25 day of February 2008.

JAMES C. DEVER III
United States District Judge